**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **BRANDON LEIGH MULLINS,** | CASE NO. 3:25 CV 1652 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Brandon Leigh Mullins seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Greenberg recommends this Court affirm the Commissioner's final decision. (Doc. 11). Plaintiff filed objections to the R&R (Doc. 12), and the Commissioner filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in April 2023, alleging a disability onset date of April 1, 2021. *See* Tr. 239. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on July 11, 2024, finding Plaintiff not disabled. (Tr. 75-87). This appeal ultimately followed. (Doc. 1).

Plaintiff originally raised a single argument regarding the ALJ's decision: the residual functional capacity determination "was not supported by substantial evidence because it lacks

manipulative limitations despite severe fibromyalgia and documented hand dysfunction." (Doc. 8, at 3).

In his R&R, Judge Greenberg concluded that the ALJ's RFC was supported by substantial evidence and the ALJ built a logical bridge between the evidence and his decision. (Doc. 11, at 18-19. He recommends the Court affirm the Commissioner's decision. *See id.*

**STANDARD OF REVIEW**

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single two-part objection to the R&R. First, he objects to the R&R's observation that his counsel never posed any hypothetical questions with additional manipulative limitations he now complains were omitted to the vocational expert ("VE") at the hearing. (Doc. 12, at 1). Second, he argues the Magistrate Judge was incorrect to conclude the ALJ decision was supported by substantial evidence, as the ALJ over-relied on objective evidence to discount his fibromyalgia-related hand symptoms. *Id.* at 2-3. The Court finds both of Plaintiff's contentions, at heart, challenge the R&R's conclusion that there was substantial evidence to support the RFC's omission of additional manipulative limitations and addresses them as such.

Plaintiff contends the RFC should have accounted for additional manipulative limitations with his hands. And he contends the ALJ relied too heavily on the lack of objective evidence in discounting his symptoms attributable to fibromyalgia, which does not produce objective signs.

On *de novo* review, however, the Court agrees with the R&R that the ALJ's RFC, including its non-inclusion of additional manipulative limitations, is supported by substantial evidence in the record. It is true that "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007); *see also* SSR 12-2p, *Evaluation of Fibromyalgia*, 2012 WL 3104869. But, as the R&R correctly identifies, "[e]ven fibromyalgia, though calling for consideration of distinct aspects, requires the presence of disabling functional limitation, making consideration of functionality proper and required." (Doc. 11, at 19) (quoting *Ross v. Saul*, 2020

1. Neither party objects Judge Greenberg's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly summarized by Judge Greenberg.

WL 7634160, at *7 (E.D. Ky.) (citing SSR 12-2p which requires "sufficient objective evidence" regarding impairment of "functional abilities").

That is, there is a difference between discounting fibromyalgia-related symptoms because there is a lack of medical objective findings and doing so because there is a lack of evidence of functional limitations. *See Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (noting the "important distinction between, on one hand, diagnosing fibromyalgia and finding it to be a severe impairment and, on the other, assessing a claimant's physical limitations due to the impairment"); *see also Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.").

As the R&R points out, Plaintiff "points to no examinations demonstrating functional limitations regarding the use of his hands" (Doc. 11, at 18-19). And although Plaintiff points to evidence in the record that could support additional limitations, there is also contrary evidence in the record, notably no physician to assess Plaintiff's work-related abilities opined as to any such limitations. *See, e.g.*, Tr. 509-18 (March 2023 physical work performance evaluation based on fibromyalgia that did not note any hand-related functional limitations); Tr. 118-27 (August 2023 state agency physician opinion containing no hand-related functional limitations); Tr. 129-34 (December 2023 state agency physician opinion containing no hand-related functional limitations). The ALJ found the state agency physicians' opinions persuasive as consistent with the record as a whole. (Tr. 85). And although the ALJ found the physical work performance evaluation of "limited persuasive value," he did so because of a reference to self-limiting behavior and because he found Plaintiff had some "greater limitations related to lumbar spondylosis." *Id.*

Neither of these rationales for discounting reliance on the opinion speaks to any arguably omitted hand-related limitations.

The Court therefore agrees with the R&R that the ALJ's RFC – including its omission of any further hand-related limitations – is supported by substantial evidence.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Greenberg's R&R (Doc. 11) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2026